IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY CRUPPER,                      )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )   Case No. 08-1356-JTM
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of                     )
Social Security,                    )
                                    )
            Defendant.              )
_____)

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On May 19, 2008, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 14-24). Plaintiff alleges that he has been disabled since August 1, 2004 (R. at 14). Plaintiff is insured for disability insurance benefits through March 31,

2008 (R. at 16). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since August 1, 2004, the alleged onset date of disability (R. at 16). At step two, the ALJ found that plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), diabetes mellitus with neuropathy (numbness in the feet), sleep apnea and obesity (R. at 16). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 16-18). After determining plaintiff's RFC (R. at 18), the ALJ found at step four that plaintiff is able to perform past relevant work as a jailer/dispatcher (R. at 23). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24).

**III. Did the ALJ fail to consider plaintiff's obesity when determining plaintiff's RFC?**

Plaintiff does not dispute that the ALJ considered plaintiff's obesity when making his findings at step three (Doc. 10 at 5; R. at 16-17). However, plaintiff argues that the ALJ failed to consider the effects of plaintiff's obesity when making his RFC findings (Doc. 10 at 4-5).

SSR 02-1p is a social security ruling governing the evaluation of obesity. It states that, when assessing RFC, obesity may cause limitations of various functions, including exertional, postural and social functions. Therefore, an

5

assessment should also be made of the effect obesity has upon the claimant's ability to perform routine movement and necessary physical activity within the work environment.  Obesity may also affect the claimant's ability to sustain a function over time.  In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity.  2002 WL 32255132 at *7.  The discussion in the SSR on obesity and RFC concludes by stating that: "As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." 2002 WL 32255132 at *8.

The ALJ found that plaintiff had severe musculoskeletal and respiratory impairments (R. at 16).  The regulations indicate that when a person has either of these impairments, the ALJ should consider any additional and cumulative effects of obesity when making an RFC assessment.  20 C.F.R. Pr. 404, Subpt. P, App. 1, 1.00(Q), 3.00(I) (2009 at 458, 469); SSR 02-1p, 2002 WL 32255132 at *2.

On March 14, 2006, Dr. Venkat performed a consultative examination on the plaintiff.  He stated that plaintiff has been obese for most of his life (R. at 204).  He noted that plaintiff's breath sounds are mildly diminished due to his obesity (R. at 205), and further noted that plaintiff's knee movements are primarily restricted because of his obesity (R. at 206).  Dr. Venkat, in referencing plaintiff's back and feet

6

problems, stated that weight loss would be helpful (R. at 207). He concluded his report by indicating that plaintiff is morbidly obese, and that weight loss would certainly be beneficial (R. at 208).

In his decision, the ALJ discussed the medical evidence which he stated was consistent with his RFC findings for the plaintiff (R. at 19). The ALJ referenced the report from Dr. Venkat, and stated that Dr. Venkat concluded that plaintiff's feet and back problems were related to his obesity and resulted in decreased range of motion (R. at 19). The ALJ further noted in his decision that Dr. Venkat found that plaintiff's back pain was related to his obesity (R. at 20). The ALJ indicated that he gave "substantial weight" to the opinions of Dr. Venkat, noting that the opinions of Dr. Venkat were consistent with the ALJ's RFC findings (R. at 23).

On March 30, 2006, Dr. Mary Tawadros prepared a physical RFC assessment on the plaintiff. Dr. Tawadros, in her narrative, indicated that plaintiff was having back pain, but stated that it was mostly related to plaintiff's obesity. Dr. Tawadros indicated that the examination by Dr. Venkat showed a decreased range of motion related to plaintiff's obesity. Dr. Tawadros, when discussing plaintiff's sleep apnea, indicated that plaintiff was morbidly obese (R. at 218).

In his decision, the ALJ considered the assessment by Dr.

7

Tawadros, and indicated that he was giving "significant weight" to her opinions (R. at 22). The ALJ's RFC findings match the physical RFC findings of Dr. Tawadros (R. at 18, 212-215).

Although plaintiff argues that the ALJ failed to consider the effects of plaintiff's obesity when making his RFC findings, the ALJ's decision specifically references the report of Dr. Venkat, including mention of plaintiff's feet and back problems related to his obesity which resulted in a decreased range of motion (R. at 19, 20). The ALJ gave "substantial weight" to Dr. Venkat's opinions when making his RFC findings (R. at 23). The ALJ made RFC findings which match the RFC opinions of Dr. Tawadros, a state agency non-examining physician. In her narrative report which accompanied her RFC opinions, Dr. Tawadros referenced the report of Dr. Venkat and noted the presence and impact of plaintiff's obesity (R. at 218). Thus, the ALJ discussed medical opinion evidence from Dr. Venkat regarding the impact of plaintiff's obesity on her ability to function, and the ALJ gave "significant" or "substantial" weight to medical opinions regarding plaintiff's physical limitations from physicians who expressly considered plaintiff's obesity.

Plaintiff does not discuss or cite to any medical evidence about areas which were impacted by her obesity which were not considered or discussed by either the ALJ, or by Dr. Venkat or Dr. Tawadros in their reports. Furthermore, the consultative

8

examination by Dr. Venkat and the RFC assessment by Dr. Tawadros, which took into account plaintiff's obesity, support the ALJ's RFC determination. On similar facts, the court in Howard v. Barnhart, 379 F.3d 945, 948 (10th Cir. 2004) found no error by the ALJ in the ALJ's consideration of plaintiff's obesity as a disabling condition or as a factor which exacerbated her other conditions. For these reasons, the court finds that the ALJ properly considered plaintiff's obesity when making his RFC findings.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be affirmed.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 14 days after being served with a copy.

Dated at Wichita, Kansas, on December 11, 2009.

> s/Gerald B. Cohn
> GERALD B. COHN
> United States Magistrate Judge